UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONNIE DANTE THOMAS,

       Petitioner,

v.

BONITA J. HOFFNER,

       Respondent.

_____/

CASE NO. 1:13-CV-702

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 3) and Petitioner Thomas's Objections to Report and Recommendation (docket # 6). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, which concluded that Petitioner's habeas claim is time-barred, is factually sound and legally correct.

In his habeas petition, Mr. Thomas challenges sentences imposed on him in 2005 for armed robbery and carjacking. He alleges that the Personal Record Variable score ("PRV") used in calculating his sentencing guidelines was unconstitutionally enhanced based on four juvenile convictions. Mr. Thomas claims that it was unconstitutional to consider these juvenile convictions because, he alleges, in the course of the juvenile convictions he was not represented, was not advised of his right to counsel, and was not advised of his right to appeal. He emphasizes that under *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001), even after a sentence on an earlier conviction has expired, an individual challenging a sentencing enhancement based on the earlier conviction may satisfy the "in custody" requirement of the habeas corpus statute if there was a failure to appoint counsel in the earlier proceeding.

*Lackawanna* provides explicitly that to succeed on a habeas petition, "the petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies." *Lackawanna*, 532 U.S. at 404. Here, Mr. Thomas has not satisfied the procedural prerequisites for relief, because he filed his Petition after the deadline to file had passed. The Report and Recommendation carefully details the procedural history and applicable statute of limitations in this case and finds correctly that the deadline for Mr. Thomas to file his habeas application was December 10, 2008. (Report and Recommendation, docket # 3, at 5.) Mr. Thomas filed his Petition on June 26, 2013, several years after the deadline expired. In his Petition, Mr. Thomas did

not raise equitable tolling or allege any facts or circumstances that would warrant equitable tolling in his case.

In his Objections, Mr. Thomas does not contest that his habeas petition is time-barred absent equitable tolling. He now claims that he is entitled to equitable tolling because only recently was he able to obtain certain records of the juvenile court proceedings used to enhance the sentence he is currently serving. He describes the records as newly-acquired evidence that would support his habeas petition. Even if Mr. Thomas was able to obtain these records only recently, he has not shown that he is entitled to equitable tolling in this case. A petitioner seeking equitable tolling of the habeas statute of limitations must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Mr. Thomas has established neither. Mr. Thomas appears to want to use the juvenile records to support his contention that he was unrepresented in his juvenile proceedings. He attaches to his Objections a copy of the PRV used in his 2005 sentencing. (Obj., docket # 6-2). The PRV summarizes four juvenile convictions and indicates that the right to counsel was waived in three instances and that Mr. Thomas was represented in the fourth. (*Id.*) According to Mr. Thomas, his appointed counsel had a copy of the PRV at the time of his 2005 sentencing, as did his counsel on appeal. (Thomas aff., docket # 6-3). Had Mr. Thomas wished to challenge the use of his juvenile convictions to enhance his 2005 sentence based on a lack of representation, he could have done so as early as the date of his 2005 sentencing based on the PRV, regardless of access to other juvenile records. He did not mount such a challenge until 2013. Equitable tolling is not warranted under these circumstances.

Under AEDPA, a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also*, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge correctly concluded that Petitioner's habeas corpus petition is time-barred, and Petitioner is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 3) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DENIED** because it is barred by the statute of limitations;

2. Petitioner's Motion to Expedite (docket # 9) and Motion for Summary Judgment (docket # 11) are **DENIED AS MOOT**;

2. Petitioner is **DENIED** a certificate of appealability.


Dated:     February 20, 2014              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE